UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA PACHECO,

       Plaintiff,                      Hon. Ellen S. Carmody

v.                                        Case No. 1:09-CV-524

EDWARD W. SPARROW
HOSPITAL ASSOCIATION,

       Defendant.

_____/

## OPINION

This matter is before the Court on Defendant's Motion for Summary Judgment. (Dkt. #24). On August 10, 2009, the parties consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Janet T. Neff referred this case to the undersigned. (Dkt. #13). For the reasons articulated below, Defendant's motion is **granted**.

## BACKGROUND

The following allegations are contained in Plaintiff's Complaint. (Dkt. #1). Plaintiff began working for Defendant in September 1999, as an Employment Manager/Recruiter responsible for recruiting Registered Nurses and Certified Registered Nurse Anesthetists. Plaintiff is presently 46 years of age. During her employment with Defendant, Plaintiff consistently received positive performance reviews. On October 10, 2008, Plaintiff's employment with Defendant was terminated. When Plaintiff

asked why her employment was being terminated, the Director of Employment stated that "it was a budget issue" and that "there were issues with her work performance." At the time, Defendant also employed three younger and less experienced recruiters, all of whom were retained. Plaintiff initiated the present action on June 8, 2009, alleging age discrimination in violation of Michigan and federal law. Defendant now moves for summary judgment.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view

the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to

hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

In her complaint, Plaintiff asserts that her federal law age discrimination claim is being asserted under Title VII rather than the Age Discrimination in Employment Act (ADEA). Regardless whether Plaintiff's age discrimination claim is brought under Title VII or the ADEA, the analysis is the same. *Gross v. FBL Financial Services, Inc.*, 129 S.Ct. 2343, 2349 n.2 (2009); *Geiger v. Tower Automotive*, 579 F.3d 614, 622 (6th Cir. 2009). Plaintiff's state law age discrimination claim is likewise analyzed pursuant to this same standard. *Agnew v. BASF Crop.*, 286 F.3d 307, 309 (6th Cir. 2002).

Plaintiff can establish her age discrimination claim through the presentation of either direct or circumstantial evidence. *Geiger*, 579 F.3d at 620. Plaintiff has not presented any direct evidence of discrimination and instead asserts that there exists sufficient circumstantial evidence to preclude granting Defendant's motion for summary judgment. To prevail in this matter, therefore,

Plaintiff must satisfy the well-known *McDonell-Douglas* shifting burden analysis. *Id.* at 622. The first step of the *McDonell-Douglas* analysis requires Plaintiff to demonstrate a prima facie case of age discrimination. *Allen v. Highlands Hospital Corp.*, 545 F.3d 387, 394 (6th Cir. 2008). If Plaintiff makes the requisite showing, the burden of production shifts to Defendant to "articulate a legitimate nondiscriminatory reason for the adverse employment action." If Defendant meets this burden, the burden shifts back to Plaintiff to establish that Defendant's "nondiscriminatory explanation is a mere pretext for intentional age discrimination." *Id.* While the burden of *production* shifts as part of this analysis, the burden of *persuasion* remains on Plaintiff "at all times to demonstrate that age was the but-for cause of [Defendant's] adverse action." *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 264 (6th Cir. 2010).

To establish a prima facie case of age discrimination, Plaintiff must show that she was: (1) a member of a protected class; (2) terminated from her position; (3) qualified for her position; and (4) replaced by someone outside the protected class. *Geiger*, 579 F.3d at 622. Where the termination results from a work force reduction, this fourth element has been modified to require "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Id.* at 623.

Defendant does not challenge Plaintiff's ability to satisfy the first three prongs of the prima facie analysis. The question, therefore, becomes whether Plaintiff was terminated from her position as part of a work force reduction. On this matter, the Sixth Circuit has stated:

> A work force reduction situation occurs when business considerations cause an employer to eliminate one or more positions within the company. An employee is not eliminated as part of a work force reduction when he or she is replaced after his or her discharge. A person is considered replaced only when another employee is hired or reassigned to perform the plaintiff's duties. A person is not considered replaced

> when his duties are absorbed by another person or when the work is redistributed among other existing employees already performing related work.

*Id.* (internal citations omitted).

Defendant has submitted evidence that Plaintiff was not replaced after her employment was terminated, but that instead "her co-workers. . .assumed what was left of [her] job duties." (Dkt. #25, Exhibit 1). Plaintiff offers no evidence to the contrary, thus she must present additional evidence "tending to indicate that [Defendant] singled [her] out. . .for discharge for impermissible reasons." Plaintiff has presented no such evidence. In fact, as Defendant correctly notes, Plaintiff acknowledged in her deposition that she has no such evidence. Because Plaintiff cannot establish a prima facie case of age discrimination, Defendant is entitled to summary judgment. Moreover, even if the Court assumes that Plaintiff can establish her prima facie case, the result is the same.

Defendant has submitted substantial evidence demonstrating that Plaintiff's employment was terminated as part of the hospital's attempt to control costs in response to the recent economic downturn. (Dkt. #25). Defendant has more than satisfied its burden of production to articulate a legitimate nondiscriminatory reason for terminating Plaintiff's employment. The burden, therefore, shifts back to Plaintiff to demonstrate that Defendant's "nondiscriminatory explanation is a mere pretext for intentional age discrimination."

To satisfy her burden, Plaintiff must establish either: (1) that Defendant's proffered reason had no basis in fact; (2) that Defendant's proffered reason did not actually motivate its decision; (3) that Defendant's proffered reason was insufficient to motivate its decision; or (4) that the decision to terminate her employment was so unreasonable as to give rise to an inference of pretext. *Schoonmaker*, 595 F.3d at 268. Plaintiff offers no such evidence.

The only evidence that Plaintiff has submitted in this matter is: (1) copies of two March 2008 emails containing positive comments about Plaintiff's work performance; (2) copies of Plaintiff's 2007 performance evaluation; (3) a one-page chart that purports to establish that Plaintiff was paid marginally less than an another employee whose employment was not terminated; and (4) a copy of an email from Plaintiff's husband to Plaintiff's attorney which purports to demonstrate that Defendant was seeking a replacement for Plaintiff's previous position. (Dkt. #28). This evidence is insufficient, however, for Plaintiff to carry her burden.

The two emails are not particularly relevant, as Defendant does not maintain that it terminated Plaintiff's employment because she was a poor employee. Instead, Defendant maintains that while Plaintiff was not a bad employee, her co-workers were better employees. These emails fail to call into doubt Defendant's assertions in this regard.

Plaintiff asserts that copies of her 2007 performance evaluation demonstrate that "there were at least three versions of [her] 2007 Performance evaluation." This evidence consists of three allegedly different versions of Plaintiff's 2007 job performance evaluation. One version indicates that Plaintiff was rated as an employee that "exceeds" expectations in all three areas of evaluation. The second version indicates that Plaintiff was rated as an employee that "exceeds" expectations in two areas and "needs improvement" in the third area. The third version indicates that Plaintiff was rated as an employee that "exceeds" expectations in one area, "meets" expectations in one area, and "needs improvement" in one area. Plaintiff asserts that this evidence demonstrates that Defendant's proffered reason for terminating her employment was pretextual. The Court is not persuaded.

First, the evaluations in question were completed ten months before Plaintiff's employment was terminated. Moreover, it is important to note that while all three versions were signed

by a "Manager" and a "Director," only the third version of Plaintiff's performance evaluation is also signed by an "Executive" as indicated on the evaluation form. In the absence of any evidence from Plaintiff on the matter, it appears that the various iterations of Plaintiff's performance review simply reflect that there were disagreements among the individuals who were tasked with rating Plaintiff's performance. Such hardly constitutes pretext or evidence of age discrimination.

As for the chart purporting to demonstrate that Plaintiff was paid less than another employee whose employment was not terminated, even assuming such is accurate,[1] it fails to advance Plaintiff's cause. Plaintiff has identified no authority that a purported cost-saving reduction in force is legitimate only if the employer terminates the employment of the most highly paid employee. Defendant has never asserted that it terminated Plaintiff's employment because Plaintiff was being paid more than her cohorts. Instead, Defendant has demonstrated that it needed to cut costs by eliminating one position. This evidence would be probative if the purported wage discrepancy were significant, but this evidence purports to show that Plaintiff was being paid $32.52/hour whereas the other employee in question was being paid $34.52/hour. Thus, this evidence does not tend to demonstrate that Defendant's purported nondiscriminatory rationale is simply a pretext for intentional age discrimination.

Finally, the email from Plaintiff's husband to Plaintiff's counsel is of little probative value. This email purports to establish that Defendant was seeking a replacement for Plaintiff's previous position. However, this evidence suffers from several shortcomings. Plaintiff offers no evidence that the position in question is, in fact, her previous position. Moreover, the information in the email is not

---

[1] Defendant asserts that Plaintiff has misread the chart in question and that Plaintiff was actually paid more than the employee in question. (Dkt. #30). While Defendant appears to be correct, as discussed below, even if Plaintiff is correct the result is the same.

properly authenticated. Also, the email is dated almost two years after Plaintiff's employment was terminated.

In sum, the evidence submitted by Plaintiff is insufficiently probative or relevant to satisfy her burden under the analysis articulated above. Plaintiff has failed to establish her prima facie case. However, even if the Court assumes that Plaintiff clears this hurdle, Plaintiff has failed to demonstrate that Defendant's proffered nondiscriminatory reason for terminating her employment was simply a pretext for intentional age discrimination. Accordingly, Defendant's motion for summary judgment is **granted**.

## CONCLUSION

For the reasons articulated herein, Defendant's Motion for Summary Judgment, (dkt. #24), is **granted** and Plaintiff's action **dismissed**. An Order consistent with this Opinion will enter.


Date: August 13, 2010                              /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge